**Affirmed and Opinion Filed July 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-00568-CR
No. 05-21-00569-CR
No. 05-21-00589-CR

**DARIUS KEONTE SMITH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-70985-H, F17-39554-H, F18-70008-H**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellant Darius Keonte Smith was indicted and charged with three offenses: assault causing bodily injury/family violence enhanced and two cases of aggravated assault with a deadly weapon. In August 2018, appellant waived his right to a jury trial and pleaded guilty in each case pursuant to plea-bargain agreements with the State. The trial court followed the plea agreements, deferred adjudication of appellant's guilt, and placed him on community supervision for four years.

In October 2019, the State filed its Amended Motion to Revoke Probation or Proceed with an Adjudication of Guilt (the Motion) in all three cases. The Motion alleged a dozen violations of the terms of appellant's community service, including commission of the offenses of theft of a firearm and unlawful possession of a firearm.

The Motion was heard on March 6, 2020. At that hearing, appellant was properly admonished in writing and orally, he entered an open plea of true to the allegations in the Motion, and he confirmed that he was entering that plea freely and voluntarily. Appellant's signed judicial confessions to each charge were entered into evidence. Appellant testified and was cross-examined. And at the end of the adjudication hearing, the trial court granted the State's Motion and adjudicated appellant's guilt in all three cases. The court assessed appellant's punishment at five years' confinement in the assault causing bodily injury/family violence enhanced case and ten years' confinement in each of the aggravated assault with a deadly weapon cases. All the sentences were to run concurrently. This appeal followed.

In this Court, appellant's attorney has filed a brief in each numbered case, in which he concludes the appeal is wholly frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967). The briefs present a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel

delivered a copy of the briefs to appellant. The State filed a letter response, in which it agreed with appellant's counsel that the appeal is without merit. We advised appellant of his right to file a pro se response, but he did not file a response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's briefs. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably and substantively support the appeal of any of the three judgments.

The State does ask us to make a clerical modification to the trial court's judgment in the assault causing bodily injury/family violence enhanced case, because section 22.01 of the Texas Penal Code—the statute that the judgment cites for appellant's offense in the case—is not the most accurate statute to describe the offense for which appellant was convicted. Section 22.01 of the penal code governs assault offenses in general. TEX. PENAL CODE ANN. § 22.01. The State points out that subsection 22.01(b)(2)(A) provides more specifically that an offense under section 22.01 is a third-degree felony and includes the additional element of a previous conviction for family violence. The State contends that subsection 22.01(b)(2)(A) describes the offense for which appellant was convicted, governs the offense, and must be included in the judgment. We agree. *See* TEX. CODE CRIM.

PROC. ANN. art. 42.01 § 1 ("The judgment shall reflect . . . 13. The offense or offenses for which the defendant was convicted; 14. The date of the offense or offenses and degree of offense for which the defendant was convicted.).

This Court has the power to correct and modify the judgments of the court below to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We modify the judgment in appellate case number 05-21-00569-CR: under the heading "Statute for Offense," we remove the general statutory reference to "22.02 Penal Code," and replace it with the specific statutory provision that governs appellant's offense in this case, "22.01(b)(2)(A) Penal Code."

We affirm the trial court's judgments in appellate cases 05-21-00568-CR and 05-21-00589. As modified we affirm the trial court's judgment in appellate case 05-21-00569-CR.


210568f.u05
210569f.u05
210589f.u05
Do Not Publish                          /Bill Pedersen, III//
TEX. R. APP. P. 47                       BILL PEDERSEN, III
                                         JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARIUS KEONTE SMITH,
Appellant

No. 05-21-00568-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F17-70985-H.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 7th day of July, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DARIUS KEONTE SMITH,
Appellant

No. 05-21-00569-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F17-39554-H. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

under the heading "Statute for Offense," we remove the general statutory reference to "22.02 Penal Code," and replace it with the specific statutory provision that governs appellant's offense in this case, "22.01(b)(2)(A) Penal Code."

As modified, the trial court's judgment is **AFFIRMED**.

Judgment entered this 7th day of July, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARIUS KEONTE SMITH,
Appellant

No. 05-21-00589-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F18-70008-H. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of July, 2022.